McLain v. Maricle.

---

James L. McLain et al. v. Leonard F. Maricle et al.

FILED OCTOBER 3, 1900. No. 10,214.

1. **Rebuttal Testimony:** OBJECTION: TESTIMONY IN CHIEF: OFFER: RULING: PREDICATION OF ERROR. Where an objection to a question as improper rebuttal testimony is properly sustained, and the testimony is desired as a part of the main case, it is re-

quired that it should be offered as such, and a ruling thereon obtained, before error can be predicated on the exclusion of such testimony.

2. **Pleading:** Evidence: Change of Schoolhouse Site: Illegal Voting at School-Meeting. Under the allegation in a petition that at an annual school meeting the qualified voters of said district have never voted, by a majority vote of those present, to change a schoolhouse site, etc., *held*, that such allegation is insufficient to admit proof that a person illegally voted at such meeting in favor of the proposition.

Error to the district court for Boone county. Tried below before Kendall, J. *Affirmed.*

*H. C. Vail* and *Reeder & Albert,* for plaintiffs in error.

*Spear & Mack, Wm. M. Robertson, E. J. Clements* and *T. J. Doyle, contra.*

Holcomb, J.

An opinion in this case was filed June 7, 1900. By inadvertence and oversight, for which an apology is tendered, the writer treated the case as brought to this court on appeal, and disposed of an alleged erroneous ruling of the trial court on the admission of evidence upon such mistaken conception, when, by the record, it was brought here by a proceeding in error. The error fallen into on the point mentioned has brought about a rehearing.

The ruling complained of relates to a decision of the trial court as to the admissibility of evidence offered on the trial of the case. In the introduction of testimony in rebuttal, a witness for the plaintiff was asked if a certain Mrs. Stevens had voted at the annual school meeting. The testimony was objected to as immaterial, and not proper rebuttal testimony, and the objection sustained. The plaintiff then offered to show by the witness that Mrs. Stevens voted at the annual meeting on the proposition to change the schoolhouse site; that she voted in favor of the proposition; that she was not, at the time of said vote, nor for more than forty days prior thereto,

a resident of said district.  The offer was objected to as incompetent, irrelevant and immaterial under the issues, seeking to try a collateral matter, and not proper rebuttal testimony.  The objection was sustained.  We find no error in the ruling complained of.  The proposed testimony was clearly improper as rebuttal evidence.  Were it at all admissible, it was as a part of plaintiffs' main case, and if plaintiffs desired to introduce it as such, they should have so stated to the court, and asked permission to introduce the testimony as a part of their main case and secured a ruling thereon.  Having failed to do so, they can not predicate error on its exclusion by the court in response to an objection well founded.

We are also persuaded that the proposed testimony was inadmissible as a part of plaintiffs' main case under the allegations of the petition.  The only possible allegation in the petition under which it could have been admitted is that "the qualified voters of said district have never voted by a majority vote of those present or by a majority of two-thirds of those present at any such meeting at any school meeting of said district to choose a site for a schoolhouse in said district," etc.  From the petition, answer and reply, and the stipulation of the parties in the record, it is apparent that the issue raised by the allegation quoted was whether a majority of the voters present had voted for a change of site, there being certain women present, who, it is claimed, were voters because occupying homesteads with their husbands, the legal titles to which were in their husbands, and who did not vote.  There is no allegation in the petition of illegal voting, and none to support proof of the character proposed.  The allegation that a majority of the voters did not vote to change the schoolhouse site is insufficient to authorize the admission of testimony tending to prove that illegal votes were cast.  The question asked, and the testimony offered, were immaterial to the issues, and no error arose in refusing them.  *Dunphy v. Bartenbach*, 40 Nebr., 143.

The conclusions reached on the prior hearing as to the other questions involved we regard as correct, and the judgment should stand

AFFIRMED.